# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO (CLEVELAND)

George Troicky
6750 Brookpark Road
Cleveland, Ohio 44129

    Plaintiff

v.

James Lundeen
2380 Overlook Road
Cleveland Heights, Ohio 44106

Cynthia Lundeen
2380 Overlook Road
Cleveland Heights, Ohio 44106

Sir Isaac Newton Enterprises, LLC
2380 Overlook Road
Cleveland Heights, Ohio 44106

    Defendants

CASE NO.:

**Removed from:**

Cleveland Heights Municipal Court
Judge: J.J. Costello
Case No. CVG2500067
Case Filed: January 24, 2025
Alleged Service Date: February 11, 2025

## JOINT NOTICE OF REMOVAL

**TO: Clerk of the U.S. District Court for the Northern District of Ohio (Cleveland)**

**PLEASE TAKE NOTICE THAT** Defendants James Lundeen, Cynthia Lundeen, and Sir Isaac Newton Enterprises, LLC, all of whom consent to removal, hereby remove to this Court the state court action described herein, pursuant to 28 U.S.C. §§ 1331, 1441, 1446, and 1447. Pursuant to 28 U.S.C. § 1446(d) copies of this Notice of Removal are being served on all parties at the addresses listed in Plaintiff's

state court Complaint and are being filed in the Municipal Court of Cleveland Heights, Ohio.

## INTRODUCTION

1. On January 24, 2025, Plaintiff George Troicky ("Troicky") filed the complaint (the "Complaint") in the Municipal Court of Cleveland Heights, Ohio, styled as *George Troicky v. James Lundeen and Cynthia Lundeen and Sir Isaac Newton Enterprises, LLC*, Case no. CVG2500067 (the "State Court Action").

2. The State Court Action concerns Forcible Entry and Detainer sought by Plaintiff against the three (3) Defendants based on the assertion that the Defendants lacked "color of title."

3. Plaintiff claims that he purchased Cuyahoga County Parcel No. 685-04-022 ("the property") at a Sheriff's Sale in 2024 thus implying that the sale was valid, further implying that the confirmation was valid, and moreover, implying that the Sheriff's Deed is valid.

4. Forcible Entry and Detainer in Ohio, a.k.a. eviction, is only available when the occupant(s) has/have no color of title and when the owner of the property has an unclouded title. "Besides the typical landlord/tenant situation, the forcible-entry-and-detainer statutes can also be used: "When the defendant is an occupier of lands or tenements, without color of title, and the complainant has the right of possession to them * * *." R.C. 1923.02." *Venture Properties v. Boardman Steel*, 177 Ohio App. 3d 572, 581 (Ohio Ct. App. 2008).

5. As will be demonstrated herein, Defendants have "color of title," domestication of a United States Bankruptcy Court Order was required pursuant to Ohio R.C. § 2329.022 which explicitly incorporates Federal

2

statute 28 U.S.C. § 1738, and no attempt at domestication was ever made, rendering subsequent Ohio trial entries null and void, thus precluding Eviction or Ejectment proceedings against the Defendants.

6. Ohio law requires Due Diligence and recognizes *caveat emptor* in real estate transactions. ""As a general rule, Ohio follows the doctrine of caveat emptor in real estate transactions." *Fowerbaugh v. Sliman*, 2022 Ohio 1314, 24 (Ohio Ct. App. 2022). At least since 1956, the principle of *caveat emptor* has been consistently applied in Ohio to sales of real estate relative to conditions discoverable by the buyer, or open to observation upon an investigation of the property. *Traverse v. Long* (1956), 165 Ohio St. 249, 59 O.O. 325, 135 N.E.2d 256." *Van Camp v. Bradford*, 63 Ohio Misc. 2d 245, 250 (Ohio Com. Pleas 1993).

7. As the foreclosure action was filed by the bank more than nine (9) years ago on January 08, 2016, the Plaintiff who allegedly purchased the residential property had ample reason to question the validity of the foreclosure given that the property normally would have been sold at a Sheriff's sale within weeks or months of an alleged final order of foreclosure which was filed on Friday, April 13, 2018.

8. Even when cautioned in writing as to the risks of scheduling an eviction, Plaintiff, by and through counsel in writing responded that "This is a risk he is willing to take."

9. "Generally, when a statutory provision conflicts with the Civil Rules, the rule controls procedural issues and the statute controls matters of substantive law. *Ferguson v. State,* 2017-Ohio-7844, ¶ 20, citing *Boyer v. Boyer,* 46 Ohio St.2d 83, 86 (1976) and Ohio Const., art. IV, § 5(B). " *Ohio Patrolman's Benevolent Ass'n v. City of Cleveland*, 2024 Ohio 2651, 8 (Ohio 2024).

3

10. Defendants' removal of the civil case to this Court, review by this Court and determinations made by this Court are based on Ohio and Federal statutes, thus based on substantive law and not on mere procedural matters.

11. Federal courts rely on Federal procedural matters but defer to State statutes, as well as Federal statutes for substantive law matters. "Generally, "federal courts are to apply state substantive law and federal procedural law." *Hanna v. Plumber*, 380 U.S. 460, 465 (1965); *see Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996)" *Gottsleben v. Informa Media, Inc.*, 1:22-cv-866, at *7 (W.D. Mich. July 7, 2023).

12. "When considering state law claims on diversity or on the Court's supplemental jurisdiction, "[F]ederal courts are to apply state substantive law and federal procedural law." Hanna v. Plumer, 380 U.S. 460, 465 (1965) (citing Erie R. Co. v. Tompkins, 304 U.S. 64 (1938)). See also Super Sulky, Inc. v. U.S. Trotting Ass'n, 174 F.3d 733, 741 (6th Cir. 1999). ("A federal court exercising supplemental jurisdiction over state-law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction.")." *Garner v. Cleveland Clinic Found.*, 1:23CV2258, at *6 (N.D. Ohio May 29, 2024).

13. Plaintiff's allegations of his title and his allegations that Defendants lack "color of title" are denied, and it is further denied that Defendants are properly named as parties, with the exception of those facts necessary for removal of this action on grounds of federal question, as discussed herein.

14. Plaintiff incorrectly characterizes the Defendants as his tenants in his Complaint. None of the Defendants has ever been a tenant of the Plaintiff. Plaintiff incorrectly characterizes Defendants as his tenants in his Complaint. Cynthia Lundeen purchased the property in 2003 and her name was on the deed until Wells Fargo Bank, N.A. "the bank" improperly sold the property at a Sheriff's Sale in 2024. Exhibit A. Sir Isaac Newton Enterprises, LLC and James Lundeen are tenants of Cynthia Lundeen's with a written lease. Exhibit B.

15. A civil cover page, an index of exhibits, as well as exhibits are attached hereto.

## BASIS FOR REMOVAL

**I.  Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1331, 1441(a),(f), 1738.**

16. The foregoing paragraphs, 1-15, are incorporated herein as if wholly rewritten here.

17. Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over this action because it includes a significant Federal Statute explicitly cited within the text of Ohio R.C. § 2329.022, thus a Federal question basis for removal is manifest as will be more fully described herein.

18. As the Cleveland Heights Municipal Court has no subject matter jurisdiction over a null and void Sheriff's Deed, Defendants invoke 28 U.S.C. § 1441(f) for the premise that the Court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the <u>State court</u> from

5

which such civil action is removed did not have jurisdiction over that claim.

19. "There can be no dispute that Congress has expressly eliminated the doctrine for cases removed under 28 U.S.C. § 1441. 28 U.S.C. § 1441 ("The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim."); see *Fed. Home Loan Mortg. Corp. v. Gilbert*, 656 Fed.Appx. 45, 53 (6th Cir. 2016) (Sutton, J. concurring). *Warren v. Soc. Sec. Admin.*, 5:24-cv-1844, at *7-8 (N.D. Ohio Jan. 22, 2025).

20. Ohio R.C. § 2329.022 states: A copy of any foreign judgment authenticated in accordance with section 1738 of Title 28 of the United States Code, 62 Stat. 947 (1948), may be filed with the clerk of any court of common pleas. The clerk shall treat the foreign judgment in the same manner as a judgment of a court of common pleas. A foreign judgment filed pursuant to this section has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of common pleas and may be enforced or satisfied in same manner as a judgment of a court of common pleas.

21. Ohio R.C. § 2329.021 defines a foreign judgment: As used in sections 2329.021 to 2329.027 of the Revised Code, "foreign judgment" means any judgment, decree, or order of a court of the United States, or of any court of another state, that is entitled to full faith and credit in this state.

22. A foreign judgment domesticated pursuant to 28 U.S.C. § 1738, 62 Stat. 947 (1948) in an Ohio state court in order to become effective, must be served as follows:

(A) When a foreign judgment is filed pursuant to section 2329.022 of the Revised Code, the judgment creditor or his attorney shall make and file with the clerk of the court in which the foreign judgment is filed an affidavit setting forth the name and last known address of the judgment debtor and of the judgment creditor.

(B) Upon the filing of a foreign judgment pursuant to section 2329.022 of the Revised Code and the affidavit pursuant to division (A) of this section, the judgment creditor or his attorney shall file with the clerk of the court a praecipe instructing the clerk to issue a notice of the filing of the foreign judgment to the judgment debtor at the address given in the affidavit. The clerk shall enter a note of the mailing in the docket. The notice shall include the name and address of the judgment creditor, and of the judgment creditor's attorney, if any, in this state. In addition, the judgment creditor may mail a notice of the filing of the foreign judgment to the judgment debtor and may file proof of mailing with the clerk. The failure of the clerk to mail to the judgment debtor notice of the filing of the foreign judgment does not affect the enforcement proceedings with respect to the foreign judgment, if the judgment creditor has filed proof that he mailed a notice of the filing to the judgment debtor.

(C) No execution or other process for enforcement of a foreign judgment that is filed pursuant to section 2329.022 of the Revised Code shall issue until thirty days after the date the foreign judgment is filed pursuant to that section.

7

23.  The bank which improperly sold the property in question to Plaintiff George Troicky, had on September 22, 2023 filed a Motion For Relief From Stay (11 U.S.C. 362(d)) as well as relief from a co-debtor stay (11 U.S.C. § 1301) despite the fact that there in fact is no co-debtor in the case 23-bk-11595-jps U.S. Bankruptcy Court Northern District of Ohio.

24.  The bank wrongfully included a non-party, non-debtor, i.e., James Lundeen (former spouse of Cynthia Lundeen) whom the Cuyahoga County Court of Common Pleas (Trial Court) CV-16-856890, had Dismissed With Prejudice in its Journal Entry of January 08, 2018. RE 55, 55-1, 66, 66-1, 85 in 23-bk-11595-jps.

25.  Moreover, the bank knew that James Lundeen was not a co-debtor and not co-liable, having explicitly written in a Memorandum submitted to the Trial Court on December 4, 2017, as follows:

26.  "It is also undisputed that the Mortgage contains a signature from Mr. Lundeen in which he states that he is releasing dower. (Id.) To ensure the validity of both the signature and of the release, he was named as a defendant in this action. TAC, ¶ 14 and Ex. D. Exhibit p. 1 ¶ 3, continued to page 2." Exhibit B.

27.  The above referenced Journal Entry (Order) Dismissing James Lundeen with Prejudice reads as follows: DEFENDANT JAMES LUNDEEN'S MOTION TO DISMISS (CONVERTED TO A MOTION FOR SUMMARY JUDGMENT) IS UNOPPOSED AND GRANTED. AS THE EVIDENCE PRESENTED DEMONSTRATES THAT DEFENDANT JAMES LUNDEEN AND THE OWNER OF THE PROPERTY, CYNTHIA LUNDEEN, ARE DIVORCED, DEFENDANT JAMES LUNDEEN NO LONGER HAS A DOWER

INTEREST IN THE SUBJECT PROPERTY. DEFENDANT JAMES LUNDEEN IS DISMISSED FROM THIS CASE WITH PREJUDICE. PARTIAL. Exhibit B.

28. Therefore, the bank was fully aware that James Lundeen was not a co-debtor when it submitted its Motion For Relief From Co-Debtor Stay to the Bankruptcy Court.

29. It shocks the conscience that the bank none-the-less submitted a Proposed Order Granting Relief From Stay as well as the wrongfully included co-debtor stay, having actual knowledge that James Lundeen was not a co-debtor and in fact there is no co-debtor.

30. An Objection was filed by Cynthia Lundeen with the Bankruptcy Court to the inclusion of her former spouse including evidence that he is not a co-debtor, did not sign the note or mortgage, the aforementioned Dismissal With Prejudice, *inter alia*; a debtor in fact has standing to argue on behalf of a co-debtor and/or evidence the fact that there is no co-debtor. "**(c)** On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that-" 11 U.S.C. § 1301..." In fact, James Lundeen did not receive notice or any opportunity for a hearing, a stark violation of Due Process under *Mullane*. *Mullane v. Central Hanover Tr. Co.*, 339 U.S. 306 (1950). Cynthia Lundeen, pursuant to 11 U.S.C. § 1301(d) indeed had standing to object while at the same time James Lundeen lacked standing to object. "**(d)** Twenty days after the filing of a request under subsection (c)(2) of this section for relief from the stay provided by subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the debtor or any

9

individual that is liable on such <u>debt</u> with the <u>debtor</u> files and serves upon such party in interest a written objection to the taking of the proposed action." 11 U.S.C. § 1301(d).

31. Despite the fact that the bank had offered no evidence of the existence of a co-debtor and despite the fact that the bank did not submit a Reply to the Objection, and despite the overwhelming evidence that no co-debtor exists, the Bankruptcy Court signed the Proposed Order authored by the bank without modifications. RE 85.

32. James Lundeen was never summoned to the Bankruptcy Court proceeding, he made no appearance personally or via counsel, he did not sign a waiver of personal jurisdiction, he did not participate in the proceedings. Thus, the Bankruptcy Court never acquired personal jurisdiction over the person James Lundeen. Therefore, the order, RE 85, is void *ab initio*.

33. Cynthia Lundeen via counsel appealed the Denial of the Reconsideration from the United States Bankruptcy Court for the Northern District of Ohio (Cleveland) to the Bankruptcy Appellate Panel (BAP) case 24-8005, which on August 28, 2024 issued a Judgment and a "Not Recommended For Publication" Opinion.

34. The BAP did note in its "Not Recommended For Publication" Opinion as follows: The bankruptcy court did not enter a formal order denying the Motion for Reconsideration; however, docket entries dated January 11, 2024, reflect that the motion was "DENIED" and the response by Wells Fargo was "SUSTAINED." (Jan. 11, 2024 Docket Entries, Case No. 23-11595-jps (Bankr. N.D. Ohio).) RE BAP Case 24-8005 August 28, 2004 "Not Recommended For Publication" Opinion p.12 ¶2. The foregoing statement makes clear that no valid reason could be given for

10

Granting a Co-debtor Stay when in fact there is no Co-debtor. The BAP did not address this serious matter other than in footnote number 6 on page 7 of its "Not Recommended For Publication" Opinion erroneously stating that a debtor does not have standing to argue the matter, but as stated above, a debtor has standing to both argue for a co-debtor as well as provide evidence that there is no co-debtor. 11 U.S.C. § 1301(d). "The objecting party can take his appeal." *Flora v. United States*, 362 U.S. 145, 154 (1960).

35. James Lundeen filed a Motion to Intervene as a Right pursuant to Fed. R. Civ. P. 24(a), which precipitated a dismissal of Cynthia Lundeen's Chapter 13 within a few days' time. 23-bk-11595-jps.

36. James' Motion to Intervene as a Right remains undecided to this day. Had it been granted, James sought to file a Rule 60(b)(4) that Order RE 85 was void for lack of personal jurisdiction over James Lundeen.

37. The bank filed a motion in March of 2024 in the Trial Court, CV-16-856890, to Re-open and for leave to proceed to a Sheriff's sale of Cynthia Lundeen's residential property, 2380 Overlook Road, Cleveland Heights, Ohio 44106, Parcel No. 685-04-022. Attached to the bank's Motion was a mere copy of RE 85 of the Bankruptcy Court in 23-bk-11595-jps.

38. Attaching a mere copy of a United States court order in the Ohio trial court fails to meet the mandate of Ohio R.C. § 2329.022, as determined by strict compliance with Ohio R.C. § 2329.01 through 2329.61. Ohio R.C. § 2329.31. The failure occurred because R.C. § 2329.022 explicitly incorporates 28 U.S.C. § 1738 in its text.

39. 28 U.S.C. § 1738 states that: The Acts of the legislature of any State, Territory, or Possession of the United States, or copies thereof, shall be

11

authenticated by affixing the seal of such State, Territory or Possession thereto.

The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken. (June 25, 1948, ch. 646, 62 Stat. 947.)

40. It is obvious that a mere copy of RE 85 as an exhibit to the Motion filed by the bank fails to invoke the subject matter jurisdiction of the Trial Court over RE 85 of the Bankruptcy Court.

41. "A common pleas court has jurisdiction over a foreign judgment "once that judgment is filed in accordance with R.C. 2329.022." *Doser v. Savage Mfg. & Sales, Inc.,* 54 Ohio App.3d 22, 560 N.E.2d 782 (8th Dist.1988), syllabus. " *State ex rel. Ford v. Ruehlman,* 149 Ohio St. 3d 34, 51 (Ohio 2016).

42. {¶13} To be entitled to registration and enforcement, the foreign judgment must have been rendered by a court having jurisdiction over the parties. In re Donovan Kilburn, 2d Dist. No. 20993, 2006-Ohio-991, ¶ 14, citing Emig v. Massau, 140 Ohio App.3d 119, 123, 746 N.E.2d 707 (10th Dist.2000). *In re R.D.A.,* 2013 Ohio 935, 6-7 (Ohio Ct. App. 2013).

43. It is manifest that RE 85 of the Bankruptcy Court was not filed in accordance with R.C. 2329.022. Thus the Trial Court did not acquire subject matter jurisdiction over RE 85.

44. It is separately manifest that the lack of personal jurisdiction of the Bankruptcy Court over the person, James Lundeen, bars RE 85 of the Bankruptcy Court from being entitled to domestication, that is, registration and enforcement, in the Ohio state court system. An order rendered by a foreign court lacking jurisdiction over a person is not entitled to Full Faith and Credit in the local Trial Court.

45. The Order of the Ohio Trial court permitting the bank to proceed to a Sheriff's sale of Cynthia Lundeen's residential property specifically cited the Order of the Bankruptcy Court as authority to proceed.

46. It is manifested that this Order of the Trial Court is thus void *ab initio*.

47. An order which relies on the validity of a void order is similarly affected (i.e., void).

48. "Entries flowing from a void judgment are also void. *See Children's Hosp. v. Paluch,* 9th Dist. Summit No. 26189, 2012-Ohio-4137, ¶ 12, citing *Witta* at ¶ 9. " *Bender v. Summa Rehab Hosp.*, 2021 Ohio 3809, 8 (Ohio Ct. App. 2021).

49. The Sheriff's Sale which occurred as a result of this void order of the Ohio Trial Court is also void.

50. The confirmation of the Sheriff's Sale is also void.

*51.* The Sheriff's Deed is also void, as it was issued subsequent to the Trial Court's Order that the Confirmation of the Sheriff's sale met all the requirements of Ohio R.C. § 2329.01 through 2329.61. Ohio R.C. § 2329.31. The Sheriff's sale did not meet the requirements of Ohio R.C.

§ 2329.021 *et seq.*, therefore the confirmation of the sale is void *ab initio.*

52. The Ohio Trial Court docket entry August 21, 2024, details the distribution of the proceeds of the Sheriff's Sale. CV-16-856890.

53. Cynthia Lundeen via counsel perfected her appeal on July 22, 2024. Cuyahoga County Court of Appeals Case CA 24-114184. Exhibit B.

54. Subsequently, the Cuyahoga Count Appellate Court instructed the parties, Cynthia and the bank, to submit briefs on why the appeal should not be considered moot, given that the funds of the sale were disbursed to the bank. Exhibit C.

55. Cynthia Lundeen through counsel submitted a brief while the bank failed to do so. Subsequently, the Appellate Court in a Journal Entry stated as follow: "Sua sponte, due to the fact that the proceeds of the sale have not been distributed, the appeal is not moot and shall proceed forward." JE 09/24/24. CA 24 114184. Exhibit C.

56. Cynthia Lundeen via counsel argued in her Brief that RE 85 (23-bk-11595-jps) was not domesticated in the Ohio Trial Court, CV-16-856890, and also cited the lack of personal jurisdiction of the rendering Court over the person James Lundeen. Ohio R.C. 2329.021, *et seq.*

57. Such an astounding turnabout of events, first disbursement of funds, followed by a statement that the funds remained intact, demonstrates the gravitas of the bank's failure to domesticate RE 85 pursuant to Ohio R.C. § 2329.022, thus failure to domesticate pursuant to Federal Law, 28 U.S.C. § 1738.

58. Moreover, U.S. Const. art. VI, cl. 2 controls over state law.

59. James Lundeen called the Sheriff's Department on Monday, January 06, 2025, to inquire if the Notice of Eviction in the name of Cynthia

Lundeen, also applied to him and to his company, Sir Isaac Newton Enterprises, LLC, as James informed the Sheriff's Department of the lease executed with Cynthia on August 14, 2017, and copied to the bank the same date. James denied having any Notice of his involvement or his company in the threatened Eviction.

60. The Sheriff's Department said to have evidence ready to share with Sheriff's Deputies the following day, Tuesday, January 07, 2025.

61. James contacted George Troicky and his then attorney Carter via email to strongly suggest postponing or cancelling the street event (Eviction) scheduled for January 07, 2025, providing the same four (4) documents that James intended to share with the Sheriff's department.

62. The foreclosure Court and the bank only addressed possible dower rights of James' and finding none, dismissed James with prejudice. The bank never addressed the lease received from Cynthia on August 14, 2017, leaving the tenant rights of Sir Isaac Newton Enterprises, LLC intact, never foreclosed, leaving the JE of the Order of Foreclosure of April 13, 2018, a non-final unenforceable order.

63. James met the Sheriff's deputies when the officers knocked on the side door. They asked James to step outside.

64. Once outside, James suggested that due to the cold weather, that the three deputies should step inside, which they readily accepted.

65. Once inside, James provided the squad leader with the lease, the Rules of the Sheriff's Department, a copy of James' driver's license, and a document connecting James with Sir Isaac Newton Enterprises, LLC.

66. The squad leader of the Deputy Sheriff's went to his patrol car, contacted his supervisor and was instructed to cancel the Eviction for that day, despite the fact that movers were on site, a locksmith was on

15

site, and George Troicky and/or his then attorney Carter were present in the street.

67. One week later, the Sheriff's Department returned the Writ of Possession to the Trial Court without execution due to the presence of a lease and related documents. Exhibit B.

68. The significance of this outcome is that if the lease was considered "color of title" then James Lundeen and Sir Isaac Newton Enterprises, LLC were considered tenants. The Sheriff's Department does not evict tenants.

69. In his Complaint the Plaintiff sued for eviction on the alleged basis of lack of "color of title."

70. Now, Plaintiff pursues Eviction with the Municipal Court of Cleveland Heights, Ohio.

71. In his Complaint, Plaintiff cites and relies on the validity of his Sheriff's Deed issued to him subsequent to confirmation of the Sheriff's Sale.

72. As the sale, confirmation thereof, issuance of a Sheriff's Deed all are null and void for lack of domestication of RE 85 (23-bk-11595-jps) pursuant to Ohio R.C. 2329.022, *et seq.*, thus void for lack of registration (domestication) pursuant to 28 U.S.C. § 1738, Plaintiff's Complaint fails to state a claim for relief.

73. 28 U.S.C. § 1738 is controlling. The Defendant's here have demonstrated a controlling Federal question entitling them to the removal from the Cleveland Heights Municipal Court to this Court and precluding remand to the municipal court.

74. In further support of Defendants' Notice of Removal, Under 28 U.S.C. § 1331, United States district courts have original jurisdiction of "all

civil actions arising under the Constitution, laws, or treaties of the United States."

75. "[F]ederal courts may exercise federal question jurisdiction over complaints that, although not presenting federal questions on their face, nonetheless present state law claims that are *preempted* by federal law." *Garley v. Sandia Corp.*, 236 F.3d 1200, 1207 (10th Cir. 2001) (emphasis in original). Additionally, the Supreme Court has held that "[t]he artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim." *Rivet v. Regions Bank*, 522 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 912 (1998).

76. "Complete preemption occurs when Congress 'passes a statute so broad that it 'wholly displaces . . . state-law cause[s] of action.'' In such cases, even state-law claims in state court may be removed to federal court, because they are 'in reality based on federal law.'" *Adena Corp. v. Ashley Ins. Grp.*, No. 1:20-cv-1035, at *4 (N.D. Ohio July 21, 2020).

77. Ohio R.C. § 2329.022 in reality is based on Federal law, 28 U.S.C. § 1738, pertaining to U.S. Const. art. IV, § 1. The Ohio statute explicitly incorporates the Federal statute.

78. Because Plaintiff's claims are preempted by 28 U.S.C. § 1738, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## II.   Defendants Have Satisfied the Procedural Requirements for Removal.

79. The Plaintiff filed the Complaint in the Municipal Court of Cleveland Heights, Ohio on January 24, 2025. The three Defendants were each allegedly served with Summons and Complaint on February 11, 2025, when envelopes each containing a Summons and a Complaint were

affixed to the driveway door of the property at issue located at 2380 Overlook Road, Cleveland Heights, Ohio 44106, Parcel No. 685-04-022. No other attempt to serve the Defendants has ever occurred and Defendants do not waive their rights to object to sufficiency and/or effectiveness of service of process.

80. Returns of service of process were posted on the website of the Municipal Court seven (7) days afterwards, on February 18, 2025.

81. This Notice of Removal is timely filed. See 28 U.S.C. § 1446(b)(1) ("The Notice of Removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claims for relief upon which such action or proceeding is based.").

82. As all named Defendants' names appear on this Notice of Removal this meets the requirement of 28 U.S.C. § 1446(b)(2)(A) that all Defendants consent to the removal of the action.

83. This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending." pursuant to 28 U.S.C. § 1441(a). The United States District Court for the Northern District of Ohio embraces Cuyahoga County, Ohio, the county in which Cleveland Heights, Ohio is located. 28 U.S.C. § 115(a)(1).

84. Additionally, Plaintiff and Defendants are subject to personal jurisdiction in Ohio. As set forth *ante*, the Plaintiff is a citizen of the State of Ohio. All three Defendants are citizens of the State of Ohio.

## PRESERVATION OF RIGHTS AND DEFENSES

85. All rights are reserved, including, but not limited to, defenses and objections as to service, venue, jurisdiction, and the right to move for dismissal of the Complaint for, e.g., failure to state a claim for relief and failure to sue the appropriate parties. The filing of this Notice of Removal is subject to, without waiver of, any such defenses and objections.

86. Defendants also reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendants James Lundeen, Cynthia Lundeen, and Sir Isaac Newton Enterprises, LLC give notice that the above-captioned civil action pending in the Municipal Court of Cleveland Heights, Ohio is removed to this Court, pursuant to 28 U.S.C. §§ 1331, 1441, 1446, 1447, *inter alia.*

/s/J.C. Ratliff
J.C. Ratliff (0027898)
Rocky Ratliff (0089781)
RATLIFF LAW OFFICE
200 West Center Street
Marion, Ohio 43302
Telephone: 740.383.6023
Facsimile: 740.383.2066
Email: attorney.ratliff@gmail.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Notice of Removal and all exhibits thereto, were filed via this Court's electronic filing system and that copies of same were served upon all parties via third-party courier services at the addresses lists in the Complaint. Also, service by email to attorneys for Plaintiff.

**Plaintiff:**
George Troicky
6750 Brookpark Road
Cleveland, Ohio 44129

**Attorneys for Plaintiff:**
David Streeter,Jr.(0073936)
Jim Petropoulos (0075272)
Sonja M. Siebert (1073652)
Aubrey E. Merkle (0101373)
10883 Pearl Rd., Suite 101
Strongsville, Ohio 44136
(216) 393-6955 / (216) 393-6056 Fax
cls@splawohio.com
jp@splawohio.com
ss@splawohio.com
am@splawohio.com

**Cleveland Heights, Ohio Municipal Court:**
Cleveland Heights City Hall
40 Severance Circle
Cleveland Heights, Ohio 44118
Phone (216) 291-4901

/s/J.C. Ratliff
J.C. Ratliff (0027898)
Rocky Ratliff (0089781)
RATLIFF LAW OFFICE
200 West Center Street
Marion, Ohio 43302
Telephone: 740.383.6023
Facsimile: 740.383.2066
Email: attorney.ratliff@gmail.com
*Attorneys for Defendants*

## Index of Exhibits

**Exhibit A Case CVG2500067 Cleveland Heights Municipal Court Documents and Three (3) Day Notice**

Docket

Complaint

Hearing Notice Mailed to Plaintiff's Attorney

Summons Blank

Summons Returned

Motion for Continuance

Journal Entry Granting seven (7) day Continuance

Three (3) Day Notice


**Exhibit B Case 16-856890 Cuyahoga County Court of Common Pleas Documents**

2017 Dec 04 Oppose Summary Judgment (Bank states that it is undisputed that James Lundeen has released his dower rights)

2018 January 08 Journal Entry Order Dismissing James Lundeen with Prejudice

2024 March 03 Motion to Reinstate to Active Docket

2024 April 09 Fifth Pluries Sale to Sheriff

2024 July 18 Decree of Confirmation

2024 July 23 Notice of Appeal

2024 Aug 21 Distribution

2024 November 20 Praecipe for Writ of Possession

2025 January 07 Notice of Eviction

2025 January 14 Return of Writ of Possession Without Execution

## Exhibit C Case CA- 114184 Court of Appeals of Ohio Eighth District

2024 Aug 17 Journal Entry Order Parties to Brief Why Appeal Is Not Moot

2024 September 10 Appellant's Brief

2024 September 24 Journal Entry Appeal Is Not Moot And Shall Proceed