

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**GENERAL PLEADING**
**December 4, 2017 17:59**

By: SCOTT A. KING 0037582

Confirmation Nbr. 1241535

WELLS FARGO BANK, N.A.                              CV 16 856890

      vs.

CYNTHIA LUNDEEN, ET AL.                    **Judge:** JANET R. BURNSIDE

Pages Filed:  9



DEFENDANT'S
EXHIBIT
B

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

| | | |
|---|---|---|
| **WELLS FARGO BANK, N.A.,** | ) | Case No. CV-16-856890 |
| | ) | |
| Plaintiff, | ) | Judge Janet R. Burnside |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF PLAINTIFF** |
| **CYNTHIA LUNDEEN, et al.,** | ) | **WELLS FARGO BANK, N.A. IN** |
| | ) | **OPPOSITION TO MOTION OF** |
| Defendants. | ) | **DEFENDANT JAMES E. LUNDEEN** |
| | ) | **FOR SUMMARY JUDGMENT** |

## I.  INTRODUCTION

Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") filed this action against Defendant Cynthia Lundeen ("Ms. Lundeen") to recover the balance due on a promissory note ("Note") and to foreclose on a mortgage ("Mortgage") securing the Note's payment. Defendant James E. Lundeen, Sr. (" Mr. Lundeen") was named as a defendant for having a possible dower interest in the property on which the Mortgage was executed (the "Property").

On November 28, 2017, Mr. Lundeen filed a Motion for Summary Judgment ("Motion") "on the issue of liability." However, the Motion fails to state the claim on which Mr. Lundeen is moving for summary judgment. In any event, Wells Fargo is not seeking to hold Mr. Lundeen liable on any of the claims asserted in the Third Amended Complaint ("TAC"). The Motion fails as a matter of law and on the facts. The Motion should be denied.

## II.  FACTS

It is undisputed that on June 21, 2005, Ms. Lundeen executed the Mortgage. TAC, Ex. B; Memorandum in Support of Motion ("Memo."), p. 1. It is also undisputed that the Mortgage contains a signature from Mr. Lundeen in which he states that he is releasing dower. (*Id.*) To

ensure the validity of both the signature and of the release, he was named as a defendant in this action. TAC, ¶ 14 and Ex. D.

On February 15, 2017, Mr. Lundeen filed a Motion to Dismiss arguing that he should not be a party because he does not have any dower rights in the Property. *See* 2/15/17 docket entry, Motion to Dismiss. On that same day, Mr. Lundeen also filed a Counterclaim for libel and for tortious interference based solely on the fact that he was named as a defendant in this action. *See* 2/15/17 docket entry, Answer and Counterclaim of James E. Lundeen, Sr.

On March 12, 2017, Wells Fargo filed a Motion to Dismiss the Counterclaim for failure to state a claim upon which relief can be granted. On November 14, 2017, the Magistrate granted Wells Fargo's Motion to Dismiss.

On November 28, 2017, Mr. Lundeen filed this Motion seeking summary judgment on this issue of liability. Motion, p. 1. The Motion asserts that Mr. Lundeen and Ms. Lundeen were granted a decree of divorce in 2010. Memo., p. 2 and Ex. A. The Motion claims that because Mr. Lundeen signed away his dower interest in the Property and the Lundeens divorced, Mr. Lundeen does not have dower rights in the Property. Memo., p. 3. The Motion asserts that Wells Fargo should not have named Mr. Lundeen as a defendant in this action. Memo., p. 4.

On this basis, the Motion seeks summary judgment on the issue of liability. The Motion, however, does not articulate the claims on which it is moving for summary judgment. To the extent Mr. Lundeen is seeking summary judgment on his Counterclaim (despite the fact the Magistrate has already dismissed it), the Motion fails as a matter of law because the Counterclaim is barred by absolute privilege. If the Motion is seeking summary judgment on the claims in the TAC, it fails on the facts as Wells Fargo is not seeking to hold Mr. Lundeen liable for the deficiency owed on the Note and Mortgage. The Motion should be denied.

## III.   ARGUMENT

### A.   Summary Judgment Standard.

Summary judgment is proper if there is no genuine issue of material fact, viewing the evidence in a light most favorable to the nonmoving party, reasonable minds can reach but one conclusion, and that conclusion is adverse to the nonmovant. Civ.R. 56(C); *Leibreich v. A.J. Refrigeration, Inc.*, 67 Ohio St. 3d 266, 268, 617 N.E.2d 1068 (1993). A party will not be granted summary judgment when he fails to demonstrate he is entitled to judgment as a *matter of law*. *Id.*; *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1997); *Welco Indus., Inc. v. Applied Companies,* 67 Ohio St. 3d 344, 346, 617 N.E.2d 1129 (1993); *Murphy v. Reynoldsburg*, 65 Ohio St. 3d 356, 358, 604 N.E.2d 138 (1992).

### B.   Mr. Lundeen Is Not Entitled to Summary Judgment on the Counterclaim.

The Counterclaim alleges that Wells Fargo committed libel *per se* and tortiously interfered with Mr. Lundeen's business activities by naming Mr. Lundeen as a defendant in this action. To the extent Mr. Lundeen is seeking summary judgment on the Counterclaim, both claims fail as a matter of law.

### 1.   The Counterclaim is barred by absolute privilege.

Under Ohio law, the filing of a lawsuit is a form of petitioning the government, and as long as the statements made in a complaint are related to the substance of the lawsuit, they are absolutely privileged and cannot be the basis of a libel claim. *M.J. DiCorpo, Inc. v. Sweeney*, 69 Ohio St.3d 497, 506, 1994-Ohio-316, 634 N.E.2d 203 ("The absolute privilege or 'immunity' for statements made in a judicial proceeding extends to every step in the proceeding, from beginning to end."); *Surace v. Wuliger*, 25 Ohio St. 3d 229, 495 N.E. 2d 939 (1986) (finding an absolute privilege against a civil claim for libel based on the filing of a RICO pleading describing the

plaintiff as an "underworld figure"); *Malone v. Lowry*, 2nd Dist. Greene No. 06-CA-101, 2007-Ohio-5665, ¶ 25 ("A claim for libel that relies on statements made within a written pleading does not state a cause of action where the allegedly libelous statement bears some reasonable relationship to the judicial proceeding in which it appears.").

These principles apply to claims for tortious interference. *A & B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Constr. Trades Council*, 73 Ohio St.3d 1, 15, 1995-Ohio-66, 651 N.E.2d 1283 (holding that when a privilege applies to a defamation claim, it also applies to tortious interference claim).

Here, the libel and tortious interference claims are based solely upon the statements in the TAC which names Mr. Lundeen as a defendant who may claim some interest in the Property. Counterclaim, ¶¶ 5, 11. Statements concerning the right to enforce the Note and Mortgage and Mr. Lundeen's possible dower interest in the Property are related to the action for foreclosure and, therefore, are protected by absolute immunity. *M.J. DiCorpo*, 69 Ohio St.3d at 506; *Surace*, 25 Ohio St. 3d 229. The Counterclaim fails as a matter of law.

        2.     <u>The libel claim fails as a matter of law.</u>

Even if Mr. Lundeen's libel claim was not barred by judicial immunity, it would still fail as a matter of law.

"Under Ohio law, the elements of a defamation claim, whether libel or slander, are '(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.'" *Harris v. Bornhorst*, 515 F.3d 503, 522 (6th Cir. 2008), quoting *Akron-Canton Waste Oil v. Safety-Kleen Oil Servs.*, 81 Ohio App. 3d 591, 611 N.E.2d 955, 962 (9th

Dist. 1992). A "defamatory" statement is one "reflecting injuriously on a person's reputation, or exposing a person to public hatred, contempt, ridicule, shame or disgrace, or affecting a person adversely in his or her trade, business or profession." *Jackson v. City of Columbus*, 117 Ohio St. 3d 328, 331, 883 N.E.2d 1060 (2008).

Here, the only factual statement in the TAC is that Mr. Lundeen may claim an interest in the Property. TAC, ¶ 14. Even if that statement were false (as Mr. Lundeen apparently asserts), it is not defamatory. Stating that a person who has executed a document relating to real property may claim an interest in the property does not subject anyone to "public hatred, contempt, ridicule, shame or disgrace, or affecting a person adversely in his or her trade, business or profession." *Jackson*, 117 Ohio St. 3d at 331. Because a libel requires a defamatory statement, and because there is no such statement in the TAC, the libel claim fails.

3.    The tortious interference claim fails as a matter of law.

Even if Count Two for tortious interference was not barred by judicial immunity (which it is), it too fails as a matter of law.

To state a claim for tortious interference with a contractual relationship, a plaintiff must allege facts demonstrating "(1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) the lack of justification, and (5) resulting damages." *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St.3d 415, 650 N.E.2d 863, syllabus ¶ 2 (1995). The elements of a claim of tortious interference with a business relationship are nearly identical, the main distinction being "that interference with a business relationship includes intentional interference with prospective contractual relations, not yet reduced to a contract." *Diamond Wine & Spirits, Inc. v. Dayton Heidelberg Distrib. Co.*, 148 Ohio App. 3d 596, 2002-Ohio-3932, 774 N.E.2d 775, ¶ 23 (3rd Dist.).

"Lack of justification" requires the claimant to allege that the other party committed the interference without any lawful reason to do so. To assess whether the interference was improper, the Ohio Supreme Court adopted the Restatement (Second) of Torts § 767:

> Accordingly, in determining whether an actor has acted improperly in intentionally interfering with a contract or prospective contract of another, consideration should be given to the following factors: (a) the nature of the actor's conduct, (b) the actor's motive, (c) the interests of the other with which the actor's conduct interferes, (d) the interests sought to be advanced by the actor, (e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other, (f) the proximity or remoteness of the actor's conduct to the interference, and (g) the relations between the parties.

*Fred Siegel Co., L.P.A. v. Arter & Hadden*, 85 Ohio St. 3d 171, 177-78, 707 N.E.2d 853 (1999). Whether interference is improper is a question of law for the court. *Midland American Sales – Weintraub, Inc. v. Osram Sylvania, Inc.*, 874 F. Supp. 164 (N.D. Ohio 1995).

Actions taken to protect one's own legitimate interests cannot be the basis of a tortious interference claim. As the Eighth District made clear: "One cannot be liable for tortious interference with a business relationship by asserting or threatening to protect properly his own lawful interests." *Bell v. Le-Ge, Inc.*, 20 Ohio App. 3d 127, 485 N.E.2d 282, syllabus ¶ 2 (8th Dist. 1985).

Here, the Counterclaim failed to allege sufficient facts to support a plausible claim for either tortious interference with a contract or tortious interference with a prospective business relationship. As to tortious interference with a contract, the Counterclaim fails to allege the existence of any contract, much less that Wells Fargo procured an actual breach of a contract. To the extent Count Two is for tortious interference with a contract, the Counterclaim fails as a matter of law.

Nor does the Counterclaim state a claim for tortious interference with prospective business relationships. While the Counterclaim alleges that Mr. Lundeen "has not been able to

secure new lines of credit to operate his business due to this pending civil action" (Counterclaim, ¶ 11), the Counterclaim does not allege that Wells Fargo was aware of potential contractual relations much less that Wells Fargo took any steps to intentionally interfere with them. The Counterclaim thus fails the second and third elements of this claim. *Diamond Wine & Spirits, Inc.*, 2002-Ohio-3932 at ¶ 23.

Moreover, providing a purchaser at a sheriff's sale with clear title is a legitimate reason to name as a defendant someone who executed a document with respect to real property. Accordingly, the Counterclaim fails to allege facts to show a "lack of justification." *Diamond Wine & Spirits, Inc.*, 2002-Ohio-3932 at ¶ 23.

Even if it were not barred by absolute privilege, the Counterclaim fails to allege facts to support his claim for tortious interference. Count Two fails as a matter of law.

### C. Mr. Lundeen Is Not Entitled to Summary Judgment on the TAC.

To the extent the Motion is seeking summary judgment on the claims asserted in the TAC, the Motion fails on the facts of the case.

Wells Fargo named Mr. Lundeen as a defendant in this case to ensure the legitimacy of Mr. Lundeen's signature releasing dower and that he does not claim an interest in the Property. Wells Fargo simply seeks a judicial determination that Mr. Lundeen does not have an interest in the Property in order to protect any purchaser at a sheriff's sale. Wells Fargo is not seeking to hold Mr. Lundeen liable for the deficiency due on the Note and the Mortgage. Accordingly, in the event that the Motion is requesting summary judgment on the issue of Mr. Lundeen's liability for the claims in the TAC, there is no claim of liability against Mr. Lundeen upon which to grant summary judgment. The Motion should be denied.

## IV.   CONCLUSION

Whether the Motion is seeking summary judgment on the Counterclaim or on the claims in the TAC, the Motion fails as a matter of law and on the facts. As for the Counterclaim (which has already been dismissed), both the libel and tortious interference claims are barred by absolute privilege. Further, Wells Fargo is not seeking to hold Mr. Lundeen liable for the claims in the TAC. The Motion should be denied.

Respectfully submitted,

*/s/ Scott A. King*

Scott A. King (#0037582)
Caitlin R. Thomas (#0093857)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
(216) 566-5500 (T) / (216) 566-5800 (F)
Scott.King@ThompsonHine.com
Caitlin.Thomas@ThompsonHine.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2017, I electronically filed the foregoing with the

Clerk of the Court using the electronic filing system which will send notification of such filing to

the following:

John E. Codrea
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, Ohio 43216
*Co-counsel for Plaintiff*

Michelle J. Sheehan
Reminger Co., LPA
101 West Prospect Avenue, Suite 1400
Cleveland, Ohio 44115
*Co-counsel for Plaintiff*

Marlon A. Primes
U.S. Courthouse, #400
801 W. Superior Avenue
Cleveland, Ohio 44113
*Counsel for United States of America,*
*Office of the Department of Treasury*

Cynthia Lundeen
2380 Overlook Road
Cleveland, Ohio 44106
*Defendant*

James E. Lundeen
P.O. Box 18452
Cleveland Heights, Ohio 44118
*Defendant*

A copy has been served by regular U.S. Mail to the following:

State of Ohio Department of Taxation
c/o Ohio Attorney General
150 East Gay Street, 21st Floor
Columbus, Ohio 43215
*Defendant*

/s/Scott A. King
Scott A. King



102008542

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

WELLS FARGO BANK, N.A.
    Plaintiff

Case No: CV-16-856890

Judge: JANET R BURNSIDE

CYNTHIA LUNDEEN, ET AL.
    Defendant

## **JOURNAL ENTRY**

DEFENDANT JAMES LUNDEEN'S MOTION TO DISMISS (CONVERTED TO A MOTION FOR SUMMARY JUDGMENT) IS UNOPPOSED AND GRANTED. AS THE EVIDENCE PRESENTED DEMONSTRATES THAT DEFENDANT JAMES LUNDEEN AND THE OWNER OF THE PROPERTY, CYNTHIA LUNDEEN, ARE DIVORCED, DEFENDANT JAMES LUNDEEN NO LONGER HAS A DOWER INTEREST IN THE SUBJECT PROPERTY. DEFENDANT JAMES LUNDEEN IS DISMISSED FROM THIS CASE WITH PREJUDICE. PARTIAL.

Judge Signature          01/08/2018
                                               CPARC

01/08/2018

Motion No.  <u>5157741</u>





**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**POST JUDGMENT MOTION $30**
March 20, 2024 15:56

By: JUSTIN M. RITCH 0085358

Confirmation Nbr. 3119164

WELLS FARGO BANK, N.A.                          CV 16 856890

vs.

CYNTHIA LUNDEEN, ET AL.                **Judge:**  JOAN SYNENBERG

Pages Filed:  5

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| | |
|---|---|
| Wells Fargo Bank, N.A | Case No. CV-16-856890 |
| Plaintiff, | Judge Janet R. Burnside |
| vs. | Magistrate Amy R. Jackson |
| Cynthia Lundeen, et al. | **MOTION TO REINSTATE CASE TO THE ACTIVE DOCKET** |
| Defendants. | |

Plaintiff moves this Court to reinstate the above referenced case to the Court's active docket. This action had been stayed automatically under section 362 of the U.S. Bankruptcy Code. The automatic stay, however, is no longer in effect, as evidenced by the attached document. As a result, Plaintiff requests that this case be reinstated to the Court's active docket. As judgment has been entered, the case is being reactivated only for post judgment proceedings.

Respectfully submitted,

/s/ Justin M. Ritch

Justin M. Ritch (0085358)
Angela D. Kirk (0075177)
Ann Marie Johnson (0072981)
Michael E. Carleton (0083352)
Carla M. Allen (0100929)
Kimberly D. Fulkerson (0073756)
Kirsten E. Friedman (0096466)
Kyle E. Timken (0071381)
Richard J. Sykora (0093134)
Manley Deas Kochalski LLC
P. O. Box 165028
Columbus, OH  43216-5028
Telephone: 614-220-5611
Fax:  614-220-5613
Email: jmr3@manleydeas.com
Attorney for Plaintiff

**IT IS SO ORDERED.**

**Dated:  22 November, 2023 12:01 PM**

*Jessica E. Price Smith*

JESSICA E. PRICE SMITH
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **In re:** | **Case No.: 23-11595** |
| **Cynthia M. Lundeen AKA Cynthia Marek Lundeen, FKA Cynthia Lundeen** | **Chapter 13** |
| | **Judge Jessica E. Price Smith** |
| | \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* |
| **Debtor(s).** | <u>**ORDER GRANTING MOTION FOR RELIEF FROM STAY AND CODEBTOR STAY (FIRST MORTGAGE) (DOCKET NO. 55)**</u> |
| | **2380 Overlook Road, Cleveland Heights, OH 44106** |

      This matter came to be considered on the Motion for Relief from Stay **and Codebtor**

**Stay** (the "Motion") filed by Wells Fargo Bank, N.A. ("Movant") (Docket 55).  Movant has

alleged that good cause for granting the Motion exists, and that **Cynthia M. Lundeen AKA**

**Cynthia Marek Lundeen, FKA Cynthia Lundeen ("Debtor(s)"), James E. Lundeen**

**("Codebtor")**, counsel for the Debtor(s), the Chapter 13 Trustee, and all other necessary parties

were served with the Motion, and with notice of the hearing date of the Motion.  Debtor filed a

response in opposition to the Motion at Docket 66.  A hearing on the Motion was held on

November 9, 2023, and the motion was granted for cause.  For these reasons, it is appropriate to

grant the relief requested.

IT IS, THEREFORE, ORDERED that the Motion is granted.  The automatic stay

imposed by § 362 **and § 1301** of the Bankruptcy Code is terminated with respect to the Movant,

its successors, and assigns.

IT IS FURTHER ORDERED that the Chapter 13 Trustee shall discontinue all payments

to Movant on its claim under the Chapter 13 Plan filed by the Debtor(s).  Movant is directed to

file a report of sale promptly following liquidation of the property **located at 2380 Overlook**

**Road, Cleveland Heights, OH 44106** (the "Collateral") if any excess proceeds are received.

Should Movant seek to file any unsecured deficiency claim, Movant shall do so no later than 90

days after this Order is entered.  If the Collateral has not been liquidated, the deficiency claim is

to be estimated.

### ###

**SUBMITTED BY:**

/s/Stephen R. Franks

Stephen R. Franks (0075345)
Adam B. Hall (0088234)
Steven H. Patterson (073452)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH 43216-5028
Telephone: 614-220-5611
Fax: 614-627-8181
Attorneys for Movant
The case attorney for this file is Stephen R. Franks.
Contact email is srfranks@manleydeas.com

Copies to:

Office of U.S. Trustee, Party of Interest, (Registered address)@usdoj.gov (notified by ecf)

Lauren A. Helbling, Chapter 13 Trustee, lauren@helblinglpa.com (notified by ecf)

Jc Ratliff, Attorney for Cynthia M. Lundeen AKA Cynthia Marek Lundeen, FKA Cynthia Lundeen, attorney.ratliff@gmail.com (notified by ecf)

Cynthia M. Lundeen AKA Cynthia Marek Lundeen, FKA Cynthia Lundeen, 2380 Overlook Rd, Cleveland Heights, OH  44106 (notified by regular US Mail)

James E. Lundeen, 2380 Overlook Road, Cleveland Heights, OH  44106 (notified by regular US Mail)

IRS, Cincinnati, OH  45201 (notified by regular US Mail)

State of Ohio dept tax, 150 East Gay Street, 21st Floor, Columbus, OH  43215 (notified by regular US Mail)

Wells Fargo Bank N.A., 101 North Phillips Ave, Sioux Falls, SD  57104 (notified by regular US Mail)

## CERTIFICATE OF SERVICE

The undersigned hereby certify that a copy of the foregoing Motion to Reinstate Case to the Active Docket was sent upon the following parties by ordinary first class U.S. Mail, postage prepaid, or electronic mail (e-mail) on the date indicated below:

**First Class U.S. Mail:**

Cynthia Lundeen, 2380 Overlook Road, Cleveland, OH 44106

State of Ohio, Department of Taxation, c/o Ohio Attorney General, 150 East Gay Street, 21st Floor, Columbus, OH 43215

**Electronic Mail (e-mail):**

Elizabeth A. Deucher, Attorney for The United States of America, Office of the Department of the Treasury, USAOHN.CountyECF@usdoj.gov

Michelle J. Sheehan, Reminger Co., LPA, Co-Counsel for Plaintiff, msheehan@reminger.com

Scott A. King and Caitlin Thomas, Co-counsel for Plaintiff, scott.king@thompsonhine.com

/s/ Justin M. Ritch
_____
Justin M. Ritch
Angela D. Kirk
Ann Marie Johnson
Michael E. Carleton
Carla M. Allen
Kimberly D. Fulkerson
Kirsten E. Friedman
Kyle E. Timken
Richard J. Sykora

March 20, 2024
_____
Date

Paid $600  - (Standard)
Receipt Date: 04/08/2024
Receipt Number: 245000031427
Order Type: FIFTH PLURIES SALE TO SHERIFF WITH APPRAISAL
Case: **CV 16 856890**
Parcel#(s): 685-04-022

## The State of Ohio }

CUYAHOGA COUNTY } ss.    **To the Sheriff of our said County, GREETING:**

**Whereas,** at term of the Court of _____CUYAHOGA_____ Common Pleas, held at Cleveland, in and for said County on the 13 day of _____April_____ A.D. 2018 , in the cause of
WELLS FARGO BANK, N.A.   Plaintiff, and

CYNTHIA LUNDEEN, ET AL
UNITED STATES OF AMERICA, OFFICE OF THE DEPARTMENT OF THE TREASURY
STATE OF OHIO DEPT OF TAXATION
CUYAHOGA COUNTY TREASURER

Defendants, it was ordered adjudged and decreed as follows, to wit:

SEE JOURNAL ENTRY DATED   April 13,  2018

**We therefore Command** You, That you proceed to carry said order, judgment and decree into execution agreeable to the tenor thereof, and that you expose to sale the above described Real Estate, under the Statute regulating sales on Execution, and that you apply the proceeds of such sale in satisfaction of said judgment that decree, with costs and interest, as specified therein; and that you make report of your proceedings herein, to our Court of Common Pleas.    **Witness, NAILAH K. BYRD ,** Clerk of our said Court of Common Pleas, and the seal of said

Court, at Cleveland, this _____Ninth_____

day of _____April_____ A. D. 2024

_____ Clerk

By _____ Deputy Clerk



184051541

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

WELLS FARGO BANK, N.A.
    Plaintiff

CYNTHIA LUNDEEN, ET AL.
    Defendant

Case No: CV-16-856890

Judge: JOAN SYNENBERG

## JOURNAL ENTRY

DECREE OF CONFIRMATION (Parcel(s) #68504022)

THE SHERIFF HAVING SOLD THE PROPERTY DESCRIBED IN THE ORDER OF SALE ISSUED TO HIM, THE COURT BEING SATISFIED OF THE LEGALITY OF THE SALE AND THAT THE NOTICE OF THE SALE WAS IN ALL RESPECTS IN CONFORMITY TO LAW, APPROVES AND CONFIRMS THE SAME AND DIRECTS THE SHERIFF TO EXECUTE AND DELIVER TO GEORGE TROICKY A GOOD AND SUFFICIENT DEED THEREOF.  UPON FULL PAYMENT OF THE PURCHASE PRICE, THE PURCHASER WILL BE ENTITLED TO A WRIT OF POSSESSION AGAINST ALL PARTY DEFENDANTS.  ALL UNDISPUTED STATE LIENS ARE PROTECTED AS PROVIDED IN R.C. SEC. 2329.192.

PURSUANT TO CIV.R. 58(B), THE CLERK OF COURTS MUST SERVE, IN A MANNER PRESCRIBED BY CIV.R. 5(B), ALL PARTIES NOT IN DEFAULT FOR FAILURE TO APPEAR NOTICE OF THIS JUDGMENT AND ITS DATE OF ENTRY UPON THE JOURNAL AND MUST NOTE THE SERVICE ON THE APPEARANCE DOCKET.

_____

Judge Signature            07/18/2024
                                   CPARC

07/18/2024





**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

### Court of Common Pleas

**NOTICE OF**
**July 23, 2024 13:37**

By: J C RATLIFF 0027898

Confirmation Nbr. 3226783

WELLS FARGO BANK, N.A.                          CV 16 856890

vs.

CYNTHIA LUNDEEN, ET AL.                **Judge:**  JOAN SYNENBERG

**Pages Filed:**  8

# IN THE CUYAHOGA COUNTY COURT
# OF COMMON PLEAS

Wells Fargo Bank, N.A.
    Plaintiff

v.

Cynthia Lundeen, *et al.*
    Defendants

Case No.

Originating Case No. 16-CV-856890

Parcel No. 685-04-022

---

## NOTICE OF APPEAL

---

Notice is hereby given that Cynthia Lundeen, Defendant, hereby appeals to the Court of Appeals of Cuyahoga County, Ohio, Eighth District (from the final judgment) ORDER CONFIRMING SHERIFF'S SALE, said Order filed on Thursday July 18, 2024. Exhibit A is a true and accurate copy of the Order of July 18, 2024.

Respectfully submitted,

/s/ J.C. Ratliff
J.C. Ratliff (0027898)
Rocky Ratliff (0089781)
RATLIFF LAW OFFICE
200 West Center Street
Marion, Ohio 43302
Telephone: 740.383.6023
Facsimile: 740.383.2066
Email: attorney.ratliff@gmail.com
*Attorney for Defendant Cynthia Lundeen*

1

## CERTIFICATE OF SERVICE

Wells Fargo Bank, N.A.'s attorney of record, Justin M. Ritch (jmr3@manleydeas.com) will receive service of the document via the Court's electronic document filing system contemporaneous with filing.

> /s/ J.C. Ratliff
> J.C. Ratliff (0027898)
> Rocky Ratliff (0089781)
> RATLIFF LAW OFFICE
> 200 West Center Street
> Marion, Ohio 43302
> Telephone: 740.383.6023
> Facsimile: 740.383.2066
> Email: attorney.ratliff@gmail.com
> *Attorney for Defendant Cynthia Lundeen*

2

APPENDIX A

## EIGHTH DISTRICT COURT OF APPEALS
## LOCAL APPELLATE RULE 9
### Praecipe and Docketing Statement

Name of Trial Court: Cuyahoga County Court of Common Pleas

Case Caption: Wells Fargo Bank, N.A.

Plaintiff,

vs.

Cynthia Lundeen, et al.

Defendant

Trial Court Case Number: 16-CV-856890

Trial Court Judge: Joan Synenberg

Date of judgment appealed: July 18, 2024
The notice of appeal was filed in compliance with:
☒ App.R. 4(A) (within 30 days); or
☐ App.R. 4(B) (time extended); or
☐ App.R. 5 (delayed appeal)

## A. PRAECIPE: REQUESTING THE RECORD

TO THE CLERK OF THE TRIAL COURT:

1. ☒ By checking this box, appellant requests that the clerk of the trial court immediately prepare and assemble the original papers and exhibits filed in the trial court and a certified copy of docket and journal entries under App.R. 9(A). **(If appellant only selects this box, appellant acknowledges that no transcript is required to be prepared.)**

2. ☐ Check this box if you seek the record in this appeal to include one of the following listed below that is necessary for the resolution of the appeal. **(Please select only one of the following below.)**

   a. ☐ Complete transcript under App.R. 9(B). (Note: the appellant must instruct the court reporter to prepare the transcript.*)

   b. ☐ Partial transcript under App.R. 9(B). (Note: the appellant must instruct the court reporter to prepare the transcript.*)

   c. ☐ Statement of evidence or proceedings under App.R. 9(C).

   d. ☐ Agreed statement under App.R. 9(D).

## B. CALENDAR

Choose the appropriate calendar designation for this case. **Check only one of the following:**

ⓧ **Regular Calendar**
This is the appropriate selection if **any** of the following apply:
- Transcript and all other evidentiary materials are more than one hundred pages;
- A brief in excess of 15 pages is necessary to argue the issues adequately;
- Appeal concerns unique issues of law that will be of substantial precedential value in determining similar cases;
- Appeal concerns multiple or complex issues; or
- Do not want accelerated calendar.

☐ **Accelerated Calendar**  (*See* LocApp.R. 11.1)
An appeal may be assigned to the accelerated calendar if (1) no transcript is required, or (2) the transcript and all other evidentiary materials consist of 100 or fewer pages.  If any of the criteria listed above for regular calendar applies, the appeal will not be assigned to the accelerated calendar.

☐ **Expedited Calendar** (*See* App.R. 11.2)
This is the appropriate selection if any of the following apply.  Please designate the specific category below:

    ☐ Abortion-related appeal from juvenile court
    ☐ Adoption or parental rights appeal (includes award of temporary custody to the agency)
    ☐ Dependent, abused, neglected, unruly or delinquent child appeal
    ☐ Prosecutorial appeal from suppression order
    ☐ Denial of a bail bond as provided in R.C. 2937.222(D)
    ☐ Election contests as provided in R.C. 3515.08
    ☐ Marsy's law appeal as provided in R.C. 2930.19(A)
    ☐ Other: _____

\* **Note:** If requesting a transcript from the Cuyahoga County Common Pleas, General Division, you must send a copy of the praecipe to CPREPAPPCOMM@cuyahogacounty.us.

For all other courts, contact the trial court or consult the trial court's website.  You may have to file a motion with the trial court to obtain a transcript.

## C. GENERAL INFORMATION

1. Was a stay requested in the trial court?   ☒ Yes   ☐ No (*See* App.R. 7 and App.R. 8)
   If a stay was requested, how did the trial court rule?
   ☐ Granted ☒ Denied ☐ Pending

2. If this case has previously been before this Court, list prior appellate case number(s):
   CA-18-107184

3. List case names and numbers of cases pending in this court that involve the same transaction or controversy involved in this appeal: None.

4. Probable issues for appeal (if known): jurisdiction, statute of limitations, fraud on the court, lack of notice, improper property valuation, inter alia

5. Have you attached a time-stamped copy of the final judgment being appealed as required under Loc.App.R. 3(B)?   ☒ Yes

6. Have you been declared a vexatious litigator?   ☐ Yes   ☒ No
   If yes, did you comply with R.C. 2323.52(F)(2) and seek leave to file?
   ☐ Yes   ☐ No

7. Is this an appeal from a decision pertaining to an expungement or civil stalking protection order?   ☐ Yes   ☒ No

## D. CRIMINAL CASE

**(If this is an appeal from a civil case, skip ahead to SECTION E. If a criminal case, complete this section and then skip to the signature block.)**

1. Does the sentencing order contain the following **four requirements**:
   - fact of conviction for **each** count;
   - separate sentence for **each** convicted count;
   - signature of trial court judge; and
   - file stamp of the clerk of court?
     ☐ Yes   ☐ No

2. If a co-defendant(s) was indicted and convicted under the same complaint, list the name(s) of co-defendant(s):

_____

_____

3. Type of Appeal (**Select only one of the following**):
    ☐ Defendant's Appeal as of Right    ☐ State's Appeal as of Right
    ☐ Defendant's Delayed Appeal by Leave of Court (*See* App.R. 5(A))
    ☐ State's Appeal by Leave of Court (*See* App.R. 5(B))
    ☐ Interlocutory Appeal pursuant to R.C. 2930.19

**NOTICE TO PROSECUTOR:** If this appeal implicates Marsy's law, the prosecutor must notify the victim(s) if required by law. *See* R.C. 2930.15 and 2930.19.

---

### E. CIVIL CASE

1. Specify the type of action in the trial court (e.g., administrative appeal; contract; declaratory judgment; domestic relations; juvenile; medical malpractice; personal injury; probate; etc.):
    foreclosure, confirmation of sale

2. Is the order appealed from a final appealable order:
    a. Did the judgment dispose of all claims by and against all parties?
        ☒ Yes    ☐ No

    b. If not, is there a determination that there is "no just reason for delay" per Civ.R. 54(B)?
        ☐ Yes    ☐ No

    c. If you are appealing an interlocutory order, specify what authority (e.g., specific provision under R.C. 2505.02, other statute, or case law) that gives this court jurisdiction to hear the appeal: _____

_____

_____

3. Settlement discussions:

    a. How would you characterize the extent of your settlement discussions before judgment?

        ☐ None      ☒ Minimal

        ☐ Moderate    ☐ Extensive

    b. Have settlement discussions taken place since the judgment or order appealed from was entered? ☐ Yes   ☒ No

    c. Would a mediation conference assist in the resolution of this matter?

        ☐ Yes     ☐ No

        ☒ Maybe

---

I certify that the above information is accurate to the best of my knowledge. I also acknowledge that I must file the Notice of Appeal along with this Praecipe and Docketing Statement in the trial court.

_____

Appellant or Attorney for Appellant

---

## CERTIFICATE OF SERVICE

I certify that a copy of this Praecipe and Docketing Statement was served upon Justin M. Ritch (0085358) lead counsel for Wells Fargo Bank, N.A. _____ on _July 22_ / 20_24_ in the following manner: via the Court's electronic filing system for counsel of record

    jmr3@manleydeas.com    Counsel for Wells Fargo Bank, N.A.

_____

(Signature)





J84051541

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

WELLS FARGO BANK, N.A.
    Plaintiff

Case No: CV-16-856890

Judge: JOAN SYNENBERG

CYNTHIA LUNDEEN, ET AL.
    Defendant

## JOURNAL ENTRY

DECREE OF CONFIRMATION (Parcel(s) #68504022)

THE SHERIFF HAVING SOLD THE PROPERTY DESCRIBED IN THE ORDER OF SALE ISSUED TO HIM, THE COURT BEING SATISFIED OF THE LEGALITY OF THE SALE AND THAT THE NOTICE OF THE SALE WAS IN ALL RESPECTS IN CONFORMITY TO LAW, APPROVES AND CONFIRMS THE SAME AND DIRECTS THE SHERIFF TO EXECUTE AND DELIVER TO GEORGE TROICKY A GOOD AND SUFFICIENT DEED THEREOF. UPON FULL PAYMENT OF THE PURCHASE PRICE, THE PURCHASER WILL BE ENTITLED TO A WRIT OF POSSESSION AGAINST ALL PARTY DEFENDANTS. ALL UNDISPUTED STATE LIENS ARE PROTECTED AS PROVIDED IN R.C. SEC. 2329.192.

PURSUANT TO CIV.R. 58(B), THE CLERK OF COURTS MUST SERVE, IN A MANNER PRESCRIBED BY CIV.R. 5(B), ALL PARTIES NOT IN DEFAULT FOR FAILURE TO APPEAR NOTICE OF THIS JUDGMENT AND ITS DATE OF ENTRY UPON THE JOURNAL AND MUST NOTE THE SERVICE ON THE APPEARANCE DOCKET.

_Joan Synenberg_

Judge Signature         07/18/2024
                      CPARC

07/18/2024



**Cuyahoga County Sheriff**

## CV-16-856890  5PLU

## DISTRIBUTION of SALE PROCEEDS REPORT

**The State of Ohio**  } ss.
Cuyahoga County

**WELLS FARGO BANK, N.A.,** Plaintiff
vs
**CYNTHIA LUNDEEN, ET AL,** Defendant

Sale Date: **Monday the 20th day of May A.D. 2024**

Purchaser: **GEORGE TROICKY**

Purchase Price: **$369,100.00**

| PAID | |
|---|---:|
| Paid Costs to Clerk | $8,552.93 |
| Retained Sheriff Fees | $5,589.50 |
| Paid Taxes | $18,963.06 |
| PAID WELLS FARGO BANK, N.A. | 335,994.51 |
| | |
| Balance to Clerk | $0.00 |
| Sheriff to Hold | 0.00 |
| | |
| **Total Amount Made on this Writ** | $369,100.00 |

Harold A. Pretel, Cuyahoga County Sheriff

ATTENTION: Section 2703.02 of the Revised Code provides that if a praecipe is for the recovery of money only, it must state the amount for which judgement is asked.

# PRAECIPE

Sec. 2703.02 R. C.

CUYAHOGA SHERIFF CIVIL
NOV 20 '24 AM11:44

**Wells Fargo Bank, N.A.**

_____
Plaintiff,

vs.

**Cynthia Lundern, ET AL.**

_____
Defendant,

COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

CASE No. 16-856890

Cleveland, Ohio November 20th 20 24

CV16856890          188877060

TO THE CLERK:

Issue **Writ of Possession** in the above case

directed to the Sheriff of Cuyahoga _____ County

**Cynthia Lundern all her family and belongings**
**2380 Overlook Rd - Cleveland Hts, OH, 44106**

returnable according to law

Endorse thereon: Action for _____

CLERK OF COURTS
CUYAHOGA COUNTY
2024 NOV 20 A 11: 45

Amount Claimed $ _____

Attorney for _____

## CERTIFICATION

*(Must be completed for Writ of Possession to issue)*

I, _____, attorney of record in this proceeding, do hereby certify that the person(s) named above against whom this writ of possession is requested, have been named as parties to this action, have been properly served with a complaint and summons, and have been afforded the opportunity to respond and to protect their interests. I realize that a default in any of the .e requirements will prohibit the Clerk of Courts from issuing this Writ.

email: george.troicky@gmail.com
Alexandratroi@gmail.com

Name George Troicky / Alexandra Troicky
Address 6750 Brookpark Rd
Cleveland, OH 44129
Phone 216-701-1200 / 216-774-9541



THE CUYAHOGA COUNTY SHERIFF'S DEPARTMENT
SHERIFF HAROLD A PRETEL

## EVICTION NOTICE

Case No:  CV-16-856890  5PLU

**CYNTHIA LUNDEEN**                    **2380 OVERLOOK RD**
                                       **CLEVELAND, OH 44106**

## IMPORTANT

**EVICTION WILL BE EXECUTED ON OR AFTER**
**Tuesday, January 7, 2025**

Filing Party:  GEORGE TROICKY & ALEXANDRA TROICKY
216-701-1200 OR 216-774-9541

SCAL



THE CUYAHOGA COUNTY SHERIFF'S DEPARTMENT

THE JUSTICE CENTER 1215 West 3rd Street, Cleveland, Ohio 44113

## CV16856890

## RETURN - WRIT OF POSSESSION

**The State of Ohio** } **ss.**
   **Cuyahoga County**

FILED 2025 JAN 14 A 9: 35 CLERK OF COURTS CUYAHOGA COUNTY

**WELLS FARGO BANK, N.A.,** Plaintiff
vs
**CYNTHIA LUNDEEN, ET AL,** Defendant

| FEES | |
|---|---|
| Writ Of Possession | $60.00 |
| Service and Return | $18.00 |
| Mileage | $54.00 |
| Clerk of Courts | $2.00 |
| **Total Cost** | $134.00 |
| | |
| Total Cost Paid By:  GEORGE & ALEXANDRIA TROICKY// | |

| SERVICE RESULTS | |
|---|---|
| Notice | POSTED 11/25/2024 AT 10:01AM |
| Deputy, | |
| | |
| Service Date / Time | 01/07/2025 at 10:01 AM |
| Deputy | NEUDECKER, BELICA, BELICA |
| Result | EVICTION CANCELLED BY DEPUTIES |
| CANCELLED DUE TO LEASE AND OTHER PAPERWORK. | |

**Cuyahoga County Sheriff**

,**DEPUTY**

**Returned - January 8, 2025**

CVI6856890



I90939058

CV16856890                    188877152

856890

Ohio Revised Code 2327.02

**The State of Ohio,** } ss.
Cuyahoga County.

To the Sheriff of said County, - GREETING:

WHEREAS, in a certain action lately prosecuted in our Court of Common Pleas, within and for said Cuyahoga County, wherein <u>WELLS FARGO BANK, N.A.,</u> Plaintiff Recovered a judgment against, <u>CYNTHIA LUNDEEN, ET AL.,</u> Defendant For the premises and the possession of the following described real property, to-wit:

PLEASE EVICT:        CYNTHIA LUNDEEN, ET AL., his/her family and all of
                     their

possessions from:        2380 OVERLOOK ROAD
                         CLEVELAND HEIGHTS OH 44106-

**PROCESSED**

NOV 2 0 2024

Imaging Department
Cuyahoga County Clerk of Courts

Together with $ _____ damages and $ _____ costs.

THEREFORE, You are commended to deliver possession of the real property afore-said to the purchaser - <u>GEORGE TROICKY,</u>

_____

_____

_____

_____ and that you make due return of this writ within sixty days from date hereof.



WITNESS My hand and the Seal of said Court, at the City of Cleveland, this <u>20th</u> day of <u>November</u> A.D. 2024 NAILAH K. BYRD, Clerk of Courts

_____ Deputy Clerk

CC-5 / 1227

Case No. 856890

## Cuyahoga Common Pleas

WELLS FARGO BANK, N.A.
vs.
CYNTHIA LUNDEEN, ET AL.

## WRIT OF POSSESSION
### REAL PROPERTY AND DAMAGES

This Writ dated November 20th, 2024

Damages........................ $

Costs............................ $

Deff's Costs.................. $

Int. from

Increases Costs............ $ 2.00

Plaintiff's Attorney

Received _____ 20 __ M

_____ Sheriff

Returned and Filed _____ 20 __

CUYAHOGA SHERIFF CIVIL
NOV 21 AM 9:38

The State of Ohio, } ss.
Cuyahoga County.

| Service and Return | | |
|---|---|---|
| Mileage | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

