UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GEORGE TROICKY, ) | Case No. 1:25-cv-367 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge |
| ) | Jennifer Dowdell Armstrong |
| JAMES LUNDEEN, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

# OPINION AND ORDER

In January 2025, Plaintiff George Troicky filed suit in municipal court against Defendants James Lundeen, Cynthia Lundeen, and Sir Isaac Newton Enterprises, LLC. In his complaint, Plaintiff brings a single claim for forcible entry against Defendants, alleging that they are residing at premises Plaintiff owns without the right to possess or occupy the property. (ECF No. 1-2, PageID #25–26.) Plaintiff seeks restitution and an order that Defendants vacate the premises. (*Id*, PageID #27.) On February 24, 2025, Defendants removed the case to federal court. (ECF No. 1.) They did so on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

## ANALYSIS

Federal courts have limited jurisdiction, possessing only that power the Constitution and Congress authorize. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A defendant may remove a case to federal court only if it could have been filed there in the first place. *Strong v. Teletronics Pacing Sys., Inc.*,

78 F.3d 256, 256 (6th Cir. 1996). Because of the limited jurisdiction of the federal courts, the Court has an independent obligation to examine its jurisdiction to ensure that it has the authority to proceed. *See, e.g., Nikolao v. Lyon*, 875 F.3d 310, 315 (6th Cir. 2017) (citations and quotations omitted); *Mercurio v. American Express Centurion Bank*, 363 F. Supp. 2d 936, 938 (N.D. Ohio 2005). "[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). Courts strictly construe the removal statute and resolve all doubts in favor of remand. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006).

To determine if federal jurisdiction exists, courts rely on the "well pleaded complaint rule." Whether a claim arises under federal law, turns on the well-pleaded allegations of the complaint and ignores potential defenses. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Louisville & Nashville R.R. Co. v. Motley*, 211 U.S. 149, 152 (1908). Complete preemption and the artful-pleading doctrine serve as exceptions to the well-pleaded complaint rule. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Another exception might be available in certain circumstances where State-law causes of action contain significant federal issues. *Id.*; *see also Dillon v. Medtronic, Inc.*, 992 F. Supp. 2d 751, 756 (E.D. Ky. 2014).

I.     **Complete Preemption**

Defendants invoke federal jurisdiction arguing that federal law preempts Plaintiff's State-law claim. Specifically, it maintains that 28 U.S.C. § 1738, which provides for authentication and admission of official documents in proceedings in

State courts so that the official acts of one jurisdiction receive full faith and credit in another, completely preempts a cause of action for forcible entry because Section 2329.022 of the Ohio Revised Code, governing the filing and authentication of foreign judgments, references the federal statute. (ECF No. 1, ¶¶ 75–78, PageID #17.) In its entirety, Section 2329.022 provides:

> A copy of any foreign judgment authenticated in accordance with section 1738 of Title 28 of the United States Code, 62 Stat. 947 (1948), may be filed with the clerk of any court of common pleas. The clerk shall treat the foreign judgment in the same manner as a judgment of a court of common pleas. A foreign judgment filed pursuant to this section has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of common pleas and may be enforced or satisfied in same manner as a judgment of a court of common pleas.

A defendant's ability to prove that a plaintiff's claims are preempted as an affirmative defense does not provide a basis for removal of a case to federal court. *Caterpillar*, 482 U.S. at 398. Absent application of the well-pleaded complaint rule, removal requires complete preemption. "Complete preemption is jurisdictional and is 'reserved for statutes designed to occupy the regulatory field with respect to a particular subject and to create a superseding cause of action[.]'" *Bolton v. Gallatin Ctr. for Rehab. & Healing, LLC*, 535 F. Supp. 3d 709 (M.D. Tenn. 2021) (quoting *Roddy*, 395 F.3d at 323). Complete preemption applies only where a federal statute contains the exclusive cause of action for the asserted claim and provides procedures and remedies regarding that cause of action. *Beneficial Nat'l Bank*, 539 U.S. at 8.

The Sixth Circuit recognizes that complete preemption provides a very limited exception to the well-pleaded complaint rule, which is "only applied when the federal statutory language demonstrates that Congress has manifested a clear intent that

claims not only be preempted under the federal law, but also that they be removable[.]" *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 553 (6th Cir. 2005). Here, Section 1738 falls far short—far far short—of the high bar for complete preemption. The statute gives no indication that it preempts any substantive State-law cause of action at all—let alone that any such claim should be removable to federal court. In only three circumstances has the Supreme Court recognized complete preemption: (1) the Labor Management Relations Act, 29 U.S.C. § 185; (2) the Employee Retirement Income Security Act, 29 U.S.C. § 1001; and (3) the National Bank Act, 12 U.S.C. §§ 85 & 86. *See Beneficial Nat'l Bank*, 539 U.S. at 6–11; *see also Matthews*, 15 F.4th at 721.

The Full Faith and Credit statute does not come close to providing the type of comprehensive statutory regime any of these acts do. The statute does not provide nor do Defendants provide any additional evidence or argument that the Full Faith and Credit statute establishes an exclusive federal cause of action. There is no language that indicates Congress clearly intended claims arising under this statute be preempted. Moreover, this statute is not even at issue in the complaint. The Court fails to see how this statute provides exclusive jurisdiction to federal courts. Accordingly, the Court concludes that Section 1738 does not completely preempt State-law claims generally or Plaintiff's claim in particular. Removal is not proper under that theory.

## II. Substantial Federal Question

Additionally, Defendants argue that removal is proper because there is a controlling federal question. (ECF No. 1, ¶ 73, PageID # 16.) Under the substantial

federal question doctrine, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 586 U.S. 251, 258 (2013). If any of these requirements are not met, then the doctrine does not apply. *Bolton*, 535 F. Supp. 3d at 717. Courts narrowly apply this doctrine because it takes more than a "federal element to open the 'arising under' door." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005). Still, the federal issue must be apparent on the face of the complaint. *Dillon*, 992 F. Supp. 2d at 762.

Defendants discuss proceedings the have occurred in bankruptcy court, *In re Cynthia Lundeen*, No. 23-bk-11595 (Bankr. N.D. Ohio 2023), and in the Cuyahoga County Court of Common Pleas, *Wells Fargo Bank v. Cynthia Lundeen, et al.*, CV-16-856890 (Cuyahoga Cnty. Com. Pls. 2016). Defendants argue that a document filed in the State case was not properly authenticated pursuant to Section 2329.022 or Section 1738. (ECF No. 1, PageID #11.) Defendants claim that Plaintiff, in his complaint, relied on a sheriff's deed that hinges on that unauthenticated document. (*Id.*, PageID #12–13.) Accordingly, Defendants believe the sheriff's sale that Plaintiff references in his complaint is void. (*Id.*, PageID #13.)

Assuming the truth of these facts, the complaint presents *no* federal issue or even places one in dispute. On the face of the complaint, Plaintiff does not reference or cite Section 1738 or any other provision of federal law. Rather, Defendants attempt to attach significance to this statute in their notice of removal. Doing so fails to create

5

or identify a substantial federal question. Even if resolution of the parties' dispute touches on Section 1738, any such issue is not of significance and does not present a substantial federal question. For these reasons, the substantial federal question doctrine does not provide a basis for removal. Accordingly, the Court cannot and does not wade into the dispute between the parties, which belongs in State court.

### III.    Attorneys' Fees

Under 28 U.S.C. § 1447(c), a federal court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Pursuant to this statute, in light of the utter lack of merit in the removal, the Court will entertain a properly substantiated motion that complies with all of the following requirements: (1) Plaintiff files any such motion by March 17, 2025; (2) before doing so, Plaintiff personally confers (in person, by Zoom, or by phone, not by exchanging emails or text messages) and certifies in the motion that counsel have conferred and not resolved this issue; and (3) Plaintiff properly identifies fees, expenses, and costs incurred as a result of the improper removal, including the reasonableness of those amounts.

### CONCLUSION

For all these reasons, the Court determines that it lacks jurisdiction and **REMANDS** the case to the Cleveland Heights Municipal Court.

**SO ORDERED.**

Dated: February 26, 2025

       *J. Philip Calabrese*
       United States District Judge
       Northern District of Ohio

7